UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ROSE CAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| SHAW INDUSTRIES GROUP, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ROSE CAMP (hereinafter "Plaintiff" or "Camp") and files her Complaint against Defendant, SHAW INDUSTRIES GROUP, INC., (hereinafter "Defendant" or "Shaw") and in support states the following:

## NATURE OF THE CLAIMS

1.      This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of her disability leading to her unlawful termination.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial

1

part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4.      Plaintiff, Camp, was at all times relevant, a resident of Georgia.

5.      Defendant, Shaw, is a for-profit corporation that operates within this District at its 7195 GA-140, Adairsville, Georgia 30103 location.

6.      Defendant is a covered employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7.      Plaintiff has complied with all statutory prerequisites to filing this action.

8.      On October 26, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

9.      Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

10.     On June 30, 2023, the EEOC issued Plaintiff a Determination of Charge and Notice of Right to Sue.

11.     This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12.     Plaintiff is a female who is disabled.

13.     Plaintiff worked for Defendant starting on or about May 17, 2018.

14.     At the time of her termination, Plaintiff held the position of Warping Operator.

15.     Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

16.     Plaintiff was qualified to perform the duties of her employment as Warping Operator.

17.     Plaintiff's disability substantially limited one or more of her major life activities and constitutes a disability under applicable law.

18.     Plaintiff suffers from a serious medical condition as Defendant is aware.

19.     In January 2020, Plaintiff was diagnosed with anxiety and depression, and informed Catherine Smith, Human Resources for Defendant of the same.

20.     As a result, Plaintiff requested to take a medical leave of absence.

21.     Plaintiff's doctor completed the paperwork to support my request for the leave of absence and submitted it to Ms. Smith and the Hartford.

22.     However, in March 2020, Defendant terminated Plaintiff's employment due to allegedly not receiving the paperwork from Plaintiff's doctor.

23.     Plaintiff's doctor resubmitted the paperwork and Plaintiff was eventually reinstated in April 2020 and resumed her leave of absence.

24.     In late August 2020, Plaintiff contacted Michelle (last name unknown), Human Resources Manager for Defendant, to inquire about returning to work.

25.     Michelle informed Plaintiff that she would need a return to work note from Plaintiff's doctor to return.

26.     Plaintiff's doctor faxed the required return to work note around September 7, 2020.

27.     However, mere days later, Defendant terminated Plaintiff's employment under pretext.

28.     The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

3

29. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

30. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional, and done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Discrimination in Violation of the ADA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Plaintiff was able to perform the essential functions of her job at the time of her termination.

36. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

38. Plaintiff has been damaged by Defendant's illegal conduct.

39. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

40.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

41.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II: Failure to Accommodate under the ADA

42.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

43.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

44.     Plaintiff was able to perform the essential functions of her job at the time of her termination.

45.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46.     Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

47.     Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

48.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49.     Defendant has engaged in discriminatory practices with malice and reckless

5

indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III: Retaliation under the ADA

50.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

51.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

52.     Defendant's conduct violates the ADA.

53.     Plaintiff has satisfied all statutory prerequisites for filing this action.

54.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

55.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

56.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*